UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight T. Elder, Jr., | ) C/A No. 9:15-1487-MBS-BM |
|                     Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Circuit Court Judge Miller, *in Lancaster, SC 29720*, | ) |
|                     Defendant. | ) |

The Plaintiff, Dwight T. Elder, Jr., proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Petitioner is an inmate at the Kirkland Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that his constitutional rights were violated because he was told that he would serve his criminal sentence at a psychiatric hospital rather than in a correctional institution.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449



U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## **Discussion**

Plaintiff alleges that when he went to court on criminal charges, Defendant Judge Miller and his attorney agreed to send him to a mental health facility, but that instead he was incarcerated at the Kirkland Correctional Institution (and also the Lieber Correctional Institution of SCDC). In his Complaint and an attached letter, Plaintiff makes further, rather nonsensical, allegations against persons who have not been named as defendants to this action.[1]

---

[1] For example, Plaintiff makes assertions against a number of persons including what appear to be his ex-girlfriend, family members, musicians, actors, and corporations. Even if Plaintiff had properly named these persons and corporations as defendants, however, they would be subject to summary dismissal as they are not state actors for purposes of § 1983. To the extent that Plaintiff attempts to state a constitutional claim against these individuals or corporations under 42 U.S.C. § 1983, which would constitute "federal question" jurisdiction, in order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). There is no allegation that these individuals or corporations have acted under color of state law, and purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson
(continued...)

2

The Defendant in this case is a South Carolina Circuit Judge, and as such is entitled to absolute judicial immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) [absolute immunity "is an immunity from suit rather than a mere defense to liability"]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges]. Even if Plaintiff is only requesting injunctive relief; see discussion, infra; Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013)[noting that the precedent established by Pulliam v. Allen, 466 U.S. 522 (1984),[2] was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847,

---

[1](...continued)
Oil Co., 457 U.S. 922, 936-937 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982); see U. S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Thus, Plaintiff fails to state a claim under § 1983 against these individuals or corporations.

[2]The Supreme Court held in Pulliam v. Allen, 466 U.S. 522 (1984), that judicial immunity did not extend to injunctive relief.

3

which amended § 1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" (citation omitted)]. As Plaintiff has not alleged that either of these prerequisites for injunctive relief has been satisfied, any claim for injunctive relief against the Defendant is subject to summary dismissal. See, e.g., Rickman v. Logan, No. 5:14cv00011, 2014 WL 1654898 (W.D.Va. Apr. 25, 2014)[dismissing § 1983 action which included a request for injunctive relief, because the defendant was entitled to judicial immunity]. Therefore, Judge Miller is entitled to dismissal as a party Defendant, and this action is subject to summary dismissal.

Additionally, Plaintiff has not specified what relief he is requesting from Judge Miller.[3] Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); see also Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) [federal courts do not render advisory opinions]. Further, to the extent that Plaintiff is attempting to collaterally attack his sentence, his exclusive federal remedy is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254,[4] after full exhaustion of his state remedies. See Heck v. Humphrey, 512 U.S. 477, 481 (1994)[holding that

---

[3]In the "Relief" section of his Complaint, Plaintiff alleges he was sexually violated during his sleep, but does not name his alleged attacker. He states "I want a Lawsuit on Mt. Dew for violating my [initials] on their soda product....and making Martin Luther King saying I done been [sic] to the top of the mountain (Mt.), contraveisially [sic] they are wrong for that." Complaint, ECF No. 1 at 5.

[4]After Plaintiff filed this action, he filed a petition pursuant to 28 U.S.C. § 2254, Elder v. Kirkland, C/A No. 9:15-1516-MBS-BM (D.S.C.), of which this Court may take judicial notice. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"].

4

"habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"].

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 9, 2015
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

